COMMONWEALTH OF VIRGINIA
## CIRCUIT COURT OF FAIRFAX COUNTY
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Emanuel Maniatis vs. Specialized Loan Servicing LLC

CL-2013-0018025

**TO:**   Specialized Loan Servicing LLC
Serve: Capitol Corporate Services Inc, Reg Agent
10 S. Jefferson St., Ste. 1400
Roanoke VA  24011

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby
notified that unless within 21 days after such service, response is made by filing in the
Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and
charges may be taken as admitted and the court may enter an order, judgment or decree
against such party either by default or after hearing evidence.

### APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.

Done in the name of the Commonwealth of Virginia, on Thursday, December 05, 2013.

**JOHN T. FREY, CLERK**

By: _Juram. Wugil_
**Deputy Clerk**

**Plaintiff's Attorney**   John W. Bell


EXHIBIT
A

VIRGINIA: IN THE CIRCUIT COURT OF FAIRFAX COUNTY

EMANUEL MANIATIS
  Plaintiff

v.                                CASE NO.

SPECIALIZED LOAN SERVICING, LLC.
  SERVE:      Capitol Corporate Services, Inc.
              10 South Jefferson St., Ste. 1400
              Roanoke, VA 24011
              Registered Agent

**2013 - 18025**

## COMPLAINT
## (Jury Trial Demanded)

The plaintiff, EMANUEL MANIATIS, by counsel, respectfully files his Complaint based upon the foregoing facts and further respectfully demands a TRIAL BY JURY by his peers.

1. At all times relevant to this controversy, the plaintiff, EMANUEL MANIATIS, was a resident and domiciliary of Fairfax County, Virginia, living and residing at 10204 Eisenhower Lane, Great Falls, Virginia 22066.

2. At all times relevant to this controversy, the defendant, SPECIALIZED LOAN SERVICING, LLC (hereinafter referred to as "SLS"), was a limited liability company. It was incorporated in 2002 under the laws of Delaware. Its principal office is located 8742 Lucent Boulevard, Suite 300, Highlands Ranch, Colorado 80129-2386.

3. SLS is a mortgage or loan "servicer." SLS collects and processes payments for mortgages and loans. SLS represented that it handled "the servicing of your [Plaintiff's] home loan, which means collecting your home loan payments and handling related issues." EXHIBIT 2. Accuracy in processing mortgage and loan payments is critical to avoid erroneous billing, erroneous notices of defaults and erroneous foreclosures.

4. SLS does business in the Commonwealth of Virginia by "servicing" mortgages and loans such as, in this case, the plaintiff's home loan which had been transferred to it for servicing on or about February, 2012, from the First Tennessee Bank National Association.

5. Jurisdiction and venue in this Court are appropriate since the defendant, SLS, conducted business with the plaintiff in Fairfax County, Virginia.

### MATERIAL BACKGROUND FACTS

6. All prior paragraphs are incorporated herein by reference.

7. On or about April 21, 2004, the plaintiff obtained a Home Equity Line of Credit with First Horizon Home Loan Corporation, which transferred it to the First Tennessee Bank National Association for "servicing." The plaintiff made all monthly payments on a timely basis.

8. Six years later, on or about May 18, 2010, the plaintiff's home equity line of credit was modified. The "Modification of Home Equity Line of Credit Agreement, Section 3.c. Fixed Payments of Interest and Principal..." stated:

> **"[Y]ou agree to pay interest and principal by making _monthly fixed payments in the in the amount of $669.07 (the 'Fixed Payment') for 60 months."_ (Emphasis added)**

A genuine copy of the Modification Agreement is attached as EXHIBIT 1.

9. In February, 2012, the plaintiff received notice from SLS (Statement Date, February 9, 2012) that effective February 11, 2012, the servicing of his "home loan" had been transferred from First Tennessee to SLS. SLS stated that:

> "As your home loan provider, Specialized Loan Servicing is committed to courteous and responsive service, **accurate and timely handling of your payments, and simple, direct answers to your questions."** (Emphasis added)

SLS emphasized the following:

> **"Please note the terms and conditions of your mortgage loan documents do**
>
> **Not change in any way...." (Emphasis added)**

A genuine copy of the subject document is attached as **EXHIBIT 2.**

10.  The plaintiff made his first payment by electronic bank transfer to SLS on or about February 6, 2012.

11.  For reasons it has never explained, SLS would not accept the plaintiff's first payment. To eliminate contention, the plaintiff authorized a direct withdrawal from his Bank of America ("BOA") bank account. By letter dated March 14, 2012, SLS verified that the plaintiff authorized payment to it of the required amount, $680.00, from his bank account.

ALL MONTHLY FIXED PAYMENTS MADE TO SLS ON A TIMELY BASIS

12.  The plaintiff made all monthly fixed payments on a timely basis by electronic bank transfers from his BOA account directly to SLS. A genuine copy evidencing plaintiff's payments to SLS is attached as **EXHIBIT 3**, showing that all payments to SLS were made on a timely basis through November, 2013, including Confirmation Numbers for each payment to SLS.

13.  At times, plaintiff paid more than the fixed monthly amount of $669.07, sending in $680.00 or more as he intended to pay off the loan an expedited basis.

FALSE, MISLEADING & ERRONEOUS DEMANDS FOR PAYMENT BY SLS

14.  Without explanation, SLS failed to properly credit plaintiff's payments to it in mid-2012. On May 3, 2012, the plaintiff sent a complaint letter to SLS requesting corrective action.  SLS failed to take prompt corrective action.

15.  To compel corrective action, the plaintiff, by counsel, wrote directly to SLS' President, John C. Beggins, on June 7, 2012.  In its response letter dated June 15, 2012, SLS admitted that "payments were posted incorrectly,"  and that "because of the incorrect posting, notices [of default]

were generated." SLS said "We apologize for the inconvenience this has caused."   A genuine copy of the SLS letter is attached as **EXHIBIT 4.**

16.  In 2013, the plaintiff continued to make his monthly fixed payments of $669.07 on a timely basis to SLS.   Without explanation, the plaintiff received a false SLS monthly payment notice dated May 12, 2013, misstating that the current receivable due was $1,905.81 instead of the fixed monthly payment of $669.07.  The plaintiff promptly notified SLS and asked that appropriate action be taken.  SLS failed to take prompt corrective action.  In its monthly payment notice of June 11, 2013, SLS sent plaintiff another false monthly payment notice misstating the current receivable due of $1,907.55 instead of the fixed monthly payment of $669.07.   In its monthly payment notice of July 12, 2013, SLS sent plaintiff another false monthly payment notice misstating the current receivable due of $1,885.33 instead of the fixed monthly payment of $669.07.

17.  To compel SLS to take corrective action, the plaintif again, by counsel, wrote to SLS' President, John C. Beggins on June 19, 2013, requesting prompt corrective action.

18.  In its letter dated July 26, 2013, SLS responded, acknowledged that "the billing amount was changed *prematurely*" about two years before the amount was scheduled to be changed in 2015. SLS admitted it had incorrectly billed $3,074.29 to the plaintiff.  SLS acknowledged that "the amount due is once again $669.07 and the loan is current and due for September 8, 2013."  A genuine copy of SLS' letter dated July 26, 2013, is attached as **EXHIBIT 5.**

19.  Despite its admissions, SLS refused to pay attorney's fees that the plaintiff had been forced to incur to communicate to SLS and demand prompt corrective action.

20.  Despite its admissions in its July 26, 2013, letter, EXHIBIT 5, SLS continued to send false demands for payment to the Plaintiff.  In its monthly payment notice dated August 12, 2013, SLS made a false and erroneous demand for payment by claiming the Plaintiff owed it $1,906.41 (instead of the fixed monthly amount, $669.07).

21  In its monthly payment notice dated September 11, 2013, SLS continued to make false and erroneous demands for payment by claiming the Plaintiff owed it $1,908.00 (instead of the fixed monthly amount of $669.07)

22.  In its monthly payment notice dated October 12, 2013, SLS continued to make false and erroneous demands for payment by claiming the Plaintiff owed it $1,898.95 (instead of the fixed monthly amount of $669.07)

23.  At all times in 2013, the plaintiff made timely monthly payments to SLS by transfer from his Bank of America account directly to SLS of not less than the required fixed monthly amount, $669.07, as evidenced by EXHIBIT 3 attached hereto.

24.  The plaintiff paid amounts demanded by SLS under protest, demanding that SLS explain the basis for its continuing false, erroneous charges and that it take prompt corrective action. .

FALSE & MISLEADING NOTICE OF DEFAULT FROM SLS

BASED ON  ITS PRIOR MISREPRESENTATIONS

25.   Despite the plaintiff's timely payments and demands for corrective action, SLS sent him a letter dated October 29, 2013, stating that he was presently in default for failure to pay the September 8, 2013 payment and the payment each month thereafter.   A genuine copy of SLS letter is attached as **EXHIBIT 6.**

26. As shown by his Bank of America records showing payments transferred to SLS and confirmation numbers, EXHIBIT 3, the plaintiff  had made all required fixed payments of $669.07 to SLS on a timely basis including payments of $680.00 on September 5, 2013,  $680.00 on October 4, 2013, and $680.00 on November 4, 2013.

27.  Plaintiff filed a protest about SLS' false, erroneous and misleading demands for payments.

28.  Additionally, Plaintiff sent a dispute letter to SLS, by counsel, dated November 19, 2013, a genuine copy of which is attached as **EXHIBIT 7.**  As of the date of filing of this Complaint, SLS has not responded to the dispute letter to it.

29.  Additionally, plaintiff sent, by counsel, yet another written dispute letter,  a Qualified Written Request, by counsel, to SLS on November 26, 2013, a genuine copy of which is attached as **EXHIBIT 8.**

30.  As of the date of filing of the Complaint, SLS has not responded to the Qualified Written Request to it.

COUNT I:  BREACH OF CONTRACT

31.  All prior paragraphs are incorporated herein by reference.

32.  In its February 9, 2012, statement to the Plaintiff, SLS represented that it was "committed to...accurate and timely handling of your [Plaintiff's] payments, and simple, direct answers to your questions."  EXHIBIT 2.  As a "servicer,"  SLS'  obligation was to collect the Plaintiff's fixed monthly payments of $669.07, properly post them, and give Plaintiff written verification.  Id.

33. SLS promised  to post the Plaintiff's payments to it correctly.  EXHIBIT 4.

34.  SLS admitted it had not serviced the Plaintiff's account adequately in its June 15, 2012, letter, EXHIBIT 4.

35.  SLS admitted it had not serviced the Plaintiff's account adequately in its July 26, 2013, letter and had changed the billing amount two years prematurely, EXHIBIT 5.

36.  SLS breached its legal duties to the Plaintiff by failing to accurately and timely post and give the Plaintiff credit for his fixed monthly payments of $669.07 to it.

37.  SLS breached its legal duties to the Plaintiff by not posting his fixed monthly payments of $669.07 correctly.

38. SLS breached its legal duties to the Plaintiff by continuing to made false and erroneous demands after its July 26, 2013, letter, EXHIBIT 5.

39. SLS breached its legal duties to the Plaintiff by publishing and disseminating a false, erroneous "Notice of Default and Notice of Intent to Foreclose" on October 29, 2013, EXHIBIT 6.

40. SLS' breaches of its contractual duties to the Plaintiff caused damages to him.

WHEREFORE, based on the foregoing, the Plaintiff, EMANUEL MANIATIS, respectfully requests that a jury of his peers award him compensatory damages against the defendant, SPECIALIZED LOAN SERVICING, LLC., in the amount of five hundred thousand dollars ($500,000.00) plus costs and accrued interest.

## COUNT II:  NEGLIGENCE

41. All prior paragraphs are incorporated by reference.

42. In its February 9, 2012, statement to the Plaintiff, SLS represented that it was "committed to...**accurate and timely handling of your [Plaintiff's] payments**, and simple, direct answers to your questions."  EXHIBIT 2.

43. SLS had a legal duty to use ordinary care or due care to the plaintiff to assure that it accurately and timely handled the Plaintiff's fixed monthly payments of $669.07 to it.

44.  The Plaintiff, both directly and through his counsel, notified SLS of its false, erroneous demands for payments to it.

45. In its letters of June 15, 2012, EXHIBIT 4, and July 26, 2013, EXHIBIT 5, SLS admitted that it had made erroneous demands for payment to the Plaintiff.

46.  SLS' letter of July 26, 2013, admitted that it had changed the fixed monthly amount due, $669.07, "two years before the change was set to occur."  EXHIBIT 5.  SLS did not disclose what internal procedures or checks and balances, if any, had been instituted to prevent customer's contracts from being changed without their knowledge or consent.  SLS did not disclose what

person(s) changed the Plaintiff's contract prematurely without his knowledge or consent, or what person(s) approved or authorized the illegal changing of the Plaintiff's obligations.

47. Despite being put on notice of its negligence and despite its admissions, SLS failed to take corrective action and continued to send erroneous bills to the Plaintiff, culminating in its false, erroneous "Notice of Default and Notice of Intent to Foreclose" dated October 29, 2013 (EXHIBIT 6).

48. The actions of SLS breached its legal duty to the Plaintiff by failing to use ordinary or due care, directly and proximately causing harm and damages to him.

49. As shown by the facts set forth above, SLS acted with such recklessness or negligence as to evince a conscious disregard for the rights of the Plaintiff. SLS deliberately, intentionally and recklessly continued to send false, misleading and erroneous bills to the Plaintiff, causing damages to him.

WHEREFORE, based on the foregoing, the Plaintiff, EMANUEL MANIATIS, respectfully requests that a jury of his peers award him compensatory damages against the defendant, SPECIALIZED LOAN SERVICING, LLC., in the amount of five hundred thousand dollars ($500,000.00), further award him punitive damages against said defendant in the amount of one million dollars ($1,000,000.00) and further award him costs and accrued interest.

COUNT III: FRAUD (CONSTRUCTIVE)

50. All prior paragraphs are incorporated herein by reference.

51. Defendant SLS represented present material facts that were false when made, negligently or innocently, with the intent that the Plaintiff would rely upon them. SLS made the false and misleading representation that it was committed to "accurate and timely handling of your payments" and that the "terms and conditions of your [Plaintiff's] mortgage loan documents do not change in any way..." EXHIBIT 2. In fact, SLS was not committed to its representations of material fact

when it made them to the plaintiff.   Evidence contradicting SLS' representations is shown by its

course of conduct as well as its written that it prematurely changed the Plaintiff's obligations without

his knowledge or permission and further written admission  that it failed to accurately and timely

handle the Plaintiff's fixed monthly payments.  EXHIBITS 4 & 5.  SLS  changed the Plaintiff's

obligations so it could make false, arbitrary demands for payments  far in excess of his fixed

monthly payments of $669.07 and/or law a foundation for its claims of default and threats of

foreclosure, as shown by EXHIBIT 6.   See also ¶¶16 & 17 above.

52.  SLS had a common-law duty not to commit fraud.

53. The Plaintiff reasonably relied upon the defendant's false and misleading representations of

present fact including its false and misleading representation that it was committed to "accurate

and timely handling of your payments" and that the "terms and conditions of your [Plaintiff's]

mortgage loan documents do not change in any way..."  EXHIBIT 2.

54.  As evidenced by the litany of false representations by SLS as set forth above and its

continuing false, erroneous demands for payments by the Plaintiff contradicting its representations,

SLS violated the common-law duty not to commit fraud.   SLS did not intend to perform the

promises it made to the Plaintiff.  SLS would not have admitted its many false demands for

payment of money to it and its manipulation and premature changing of the Plaintiff's obligations

*but for* the tenacity of the Plaintiff in making demands, directly and by counsel, to SLS to get its

books and records corrected.  See EXHIBITS 4 & 5 for admissions by SLS.

55.  SLS' promises constituted misrepresentations of present fact intended to induce the Plaintiff to

rely upon them to his detriment.

56.  SLS' fraudulent actions caused damages to the Plaintiff.

57.   As shown by the facts set forth above, SLS acted with such recklessness or negligence as to

evince a conscious disregard for the rights of the Plaintiff. SLS deliberately, intentionally and

recklessly continued to send false, misleading and erroneous bills to the Plaintiff, causing damages to him.

WHEREFORE, based on the foregoing, the Plaintiff, EMANUEL MANIATIS, respectfully requests that a jury of his peers award him compensatory damages against the defendant, SPECIALIZED LOAN SERVICING, LLC., in the amount of five hundred thousand dollars ($500,000.00), further award him punitive damages against said defendant in the amount of one million dollars ($1,000,000.00) and further award him costs and accrued interest.

## COUNT IV: FRAUD (ACTUAL)

58. All prior paragraphs are incorporated herein by reference.

59. Defendant SLS knowingly and intentionally made a representation of a present material fact that was false when made with the intent that the Plaintiff rely upon it.  SLS knew that the representation was false when it made it.

60. SLS had a common-law duty not to commit fraud.

61. As evidenced by the litany of false representations by SLS as set forth above and its continuing actions contradicting its representations, SLS violated the common-law duty not to commit fraud.  SLS did not intend  to perform the promises it made.   SLS' promises constituted misrepresentations of present fact to induce the Plaintiff to rely upon them and his detriment.

62. The Plaintiff reasonably relied upon the defendant's false and misleading representations of present fact.

63. The defendants' actions caused damages to the Plaintiff.

64. As shown by the facts set forth above, SLS acted with such recklessness or negligence as to evince a conscious disregard for the rights of the Plaintiff.  SLS deliberately, intentionally and recklessly continued to send false, misleading and erroneous bills to the Plaintiff, causing damages to him

WHEREFORE, based on the foregoing, the Plaintiff, EMANUEL MANIATIS, respectfully requests that a jury of his peers award him compensatory damages against the defendant, SPECIALIZED LOAN SERVICING, LLC., in the amount of five hundred thousand dollars ($500,000.00), further award him punitive damages against said defendant in the amount of one million dollars ($1,000,000.00), and further award him costs and accrued interest.

## COUNT V: CONVERSION

65. All prior paragraphs are incorporated herein by reference.

66. The Plaintiff had a property right to his tangible personal property, his money--and to immediate possession of it at the time of the conversion.

67. SLS wrongfully, intentionally and illegally exercised dominion and control over the Plaintiff's tangible personal property which SLS caused to be transferred to it as a result of its continuing false and erroneous billings.  SLS wrongfully exercised or assumed authority over the Plaintiff's funds, depriving him of their possession, inconsistent with his property rights.

68. SLS owed a common law duty to treat the Plaintiff with good faith and due care.

69. SLS negligently or tortiously breached its common law duty to the Plaintiff by not treating him with good faith and by failing to use due care in making false, erroneous and misleading demands for money not owed to it.

70.    As shown by the facts set forth above, SLS acted with such recklessness or negligence as to evince a conscious disregard for the rights of the Plaintiff.  SLS deliberately, intentionally and recklessly continued to send false, misleading and erroneous bills to the Plaintiff, causing damages to him

WHEREFORE, based on the foregoing, the Plaintiff, EMANUEL MANIATIS, respectfully requests that a jury of his peers award him compensatory damages against the defendant, SPECIALIZED LOAN SERVICING, LLC., in the amount of five hundred thousand dollars

($500,000.00), further award him punitive damages against said defendant in the amount of one million dollars ($1,000,000.00) and further award his costs and accrued interest.

### COUNT VI:  ASSUMPSIT

71.   All prior paragraphs are incorporated herein by reference.

72.  SLS received money which is the property of the Plaintiff.

73.  SLS obtained the Plaintiff's money through false representations of material fact demanding that he pay money to it which he did not owe to it.

74.  SLS is obliged by equity and natural justice to repay money to the Plaintiff it received from him unjustly, unfairly, negligently and/or illegally.

75.  As shown by the facts set forth above, SLS acted with such recklessness or negligence as to evince a conscious disregard for the rights of the Plaintiff.  SLS deliberately, intentionally and recklessly continued to send false, misleading and erroneous bills to the Plaintiff, causing damages to him

WHEREFORE, based on the foregoing, the Plaintiff, EMANUEL MANIATIS, respectfully requests that a jury of his peers award him compensatory damages against the defendant, SPECIALIZED LOAN SERVICING, LLC., in the amount of five hundred thousand dollars ($500,000.00), further award him punitive damages against said defendant in the amount of one million dollars ($1,000,000.00).and further award his costs and accrued interest.

## COUNT VII: SLANDER OF TITLE

76. All prior paragraphs are incorporated herein by reference.

77. SLS published a written "Notice of Default and Notice of Intent to Foreclose" to the Plaintiff on October 29, 2013.  SLS has also published this information to third persons.

78. SLS published and disseminated the materially false and misleading information set forth in the above Notice to the Plaintiff and to third persons.

79. SLS acted with malicious intent in publishing and disseminating the materially false and misleading information set forth in the Notice to the Plaintiff and third persons.

80. SLS made said communications to the Plaintiff and third persons with such gross indifference and recklessness as to amount to a wanton or willful disregard of the rights of the Plaintiff.

81. SLS actions have directly and proximately caused special damages to the Plaintiff including but not limited to putting a cloud on title to the Plaintiff's home

82. As shown by the facts set forth above, SLS acted with such recklessness or negligence as to evince a conscious disregard for the rights of the Plaintiff.  SLS deliberately, intentionally and recklessly continued to send false, misleading and erroneous bills to the Plaintiff, causing damages to him

WHEREFORE, based on the foregoing, the Plaintiff, EMANUEL MANIATIS, respectfully requests that a jury of his peers award him compensatory damages against the defendant, SPECIALIZED LOAN SERVICING, LLC., in the amount of  five hundred thousand dollars ($500,000.00), further award him punitive damages against said defendant in the amount of one million dollars ($1,000,000.00) and further award him costs and accrued interest.

Respectfully Submitted
EMANUEL MANIATIS
By Counsel

Respectfully Submitted
EMMANUEL  MANIATIS
By Counsel

_____
LAW FIRM OF JOHN BELL
John W. Bell (VSB 17635)
Counsel for Plaintiff
Burke Ctr. Prof. Bldg.
Burke, VA 22015
Tel: 703-250-4346
Fax:  888-551-5129
Email: jwblaw1@gmail.com

## MODIFICATION OF
## HOME EQUITY LINE OF CREDIT AGREEMENT

This Modification (this "Agreement") is entered into as of May 18, 2010 (the "Effective Date"), by and between FIRST TENNESSEE BANK NATIONAL ASSOCIATION, successor by merger to FIRST HORIZON HOME LOAN CORPORATION ("Bank"), and EMANUEL MANIATIS ("Borrower").

WHEREAS, Borrower has previously entered into a Home Equity Line of Credit Agreement and Disclosures under the Federal Truth-In-Lending Act with Bank, dated April 21, 2005 (the "Line of Credit Agreement"), which is secured by a Virginia Deed of Trust This Is A Credit Line Deed Of Trust of the same date recorded at Book 17216, Page 0408, of the official records of Fairfax County, Virginia (the "Security Instrument"), covering real property located at 10204 Eisenhower Lane, Great Falls, Virginia (the "Property") (collectively, the "Loan Documents"); and

WHEREAS, Borrower desires to make certain changes to the Line of Credit Agreement as hereinafter set forth;

NOW THEREFORE, in consideration of the mutual promises contained in this Agreement, the parties agree as follows:

**A.     MODIFICATION OF LINE OF CREDIT AGREEMENT.** Borrower and Bank agree that the Line of Credit Agreement shall be modified as of the Effective Date, as follows:

1.  **Reduction of Credit Limit to Principal Balance.** Borrower and Bank agree that the Credit Limit will be reduced from $208,700.00 to $207,172.35, which is the outstanding principal balance under the Line of Credit Agreement as of the Effective Date.

2.  **Repayment Period in Effect.** The parties acknowledge that the Repayment Period started prior to the Effective Date.

3.  **Temporary Interest Rate and Payment Changes.** Borrower and Bank agree on the following temporary interest rate and payment changes:

a.  **Fixed Interest Rate.** Beginning with your current billing cycle (the one that includes the Effective Date), and continuing for a total of 60 billing cycles, the **ANNUAL PERCENTAGE RATE** and monthly periodic rate will no longer be a variable rate, and the provisions of the paragraph of the Line of Credit Agreement entitled "Rates" will not apply. The **ANNUAL PERCENTAGE RATE** and monthly periodic rate will be fixed rates. The **ANNUAL PERCENTAGE RATE** will be 1.000%, and the monthly periodic rate will be 0.0833%. After 60 billing cycles, the **ANNUAL PERCENTAGE RATE** and monthly periodic rate will return to a variable rate, and the paragraph of the Line of Credit Agreement entitled "Rates" will again apply.

b.  **Minimum Amount Due on Your First Bill After the Effective Date; Application of Payment.** The "Minimum Amount Due" on your first statement (a "Bill") following the Effective Date will be the "Minimum Payment Due" as described in the Line of Credit Agreement. We will apply the payment of your first Bill following the Effective Date as set forth in the Line of Credit Agreement and any excess will be applied to your principal balance.

c.  **Fixed Payments of Interest and Principal; Minimum Amount Due; Application of Payments.** Beginning with your second Bill after the Effective Date, you agree to pay interest and principal by making monthly fixed payments in the amount of $669.07 (the "Fixed Payment") for 60 months. During that time, the provisions of the paragraphs of the Line of Credit Agreement entitled "Payments" and "How We Apply Your Payments" will not apply. The "Minimum Amount Due" will be the total of (1) the Fixed Payment, (2) any Credit Life or Disability Premium, Debt

Maniatis CI-LM HELOC Flex Modification Agreement5-12-2010.doc

Rev. 9/09

Cancellation charge, Late Fee, Returned Check Fee, and any other miscellaneous fee imposed during the billing cycle, and (3) any past due amounts, and we will apply your payments in this order: (a) any past due principal, (b) **FINANCE CHARGES**, (c) Credit Life or Disability Premium, Debt Cancellation charges, Late Fees, Returned Check Fees, and any other miscellaneous fees, and (d) the principal balance. After the last Fixed Payment, the paragraphs of the Line of Credit Agreement entitled "Payments" and "How We Apply Your Payments" will again apply. You understand and agree that the amount of principal payable as part of each Fixed Payment is based on a 360 month amortization schedule, which means that you will be paying less principal than you otherwise would under the original Repayment Period Terms in your Note and that after 60 months the amount of principal payable each month will increase.

**B.     OTHER TERMS**

1. This Agreement shall not affect Bank's security interest in, or lien priority on, the Property.

2. This Agreement shall not be construed to be a satisfaction, novation or partial release of the Line of Credit Agreement or the Security Instrument.

3. Bank does not waive its right to: (i) prohibit or restrict any future amendments or modifications Borrower may request, or (ii) enforce any of Bank's rights or remedies under any of the Loan Documents.

4. Except as amended by this Agreement, all terms and conditions of the Line of Credit Agreement shall remain in full force and effect. In the event of any irreconcilable conflict between any provision of this Agreement and any provision of the Line of Credit Agreement, the provisions of this Agreement shall control.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement to be effective on the Effective Date.

BORROWER:

_____
Emanuel Maniatis


FIRST TENNESSEE BANK NATIONAL ASSOCIATION

By: _____
Name: _____
Title: _____
Date: _____



**SLS**
Specialized Loan Servicing, LLC

8742 Lucent Blvd.
Suite 300
Highlands Ranch, CO 80129
· 1-800-315-4SLS (4757)

| Account Number | Statement Date |
|---|---|
| 1005785952 | 02/09/12 |
| 2nd Mortgage | |
| Property Address | |
| 10204 Eisenhower Ln | |
| Great Falls VA 22066 | |

◆ 0365522 000003499 09SLS2 0057668 P1 P7
EMANUEL MANIATIS
10204 EISENHOWER LN
GREAT FALLS VA 22066-1705

## WELCOME TO SPECIALIZED LOAN SERVICING, LLC

### Your Home Loan

It is our pleasure to welcome you as a customer of Specialized Loan Servicing, LLC. Effective 02/11/2012 the servicing of your loan has been transferred from First Tennessee to us. Specialized Loan Servicing is pleased to be the new servicer of your Home loan. We also wish to assure you that the terms and conditions of this transfer will not affect any original loan documents other than those directly related to the servicing of your loan.

As your Home loan provider, Specialized Loan Servicing is committed to courteous and responsive service, accurate and timely handling of your payments, and simple, direct answers to your questions. For prompt response in all communications with us, please remember to reference your account number 1005785952.

### Payment Procedures

Beginning 02/11/2012, all future payments should be mailed to Specialized Loan Servicing. Your previous servicer will not accept payments from you beginning on the date listed above. Attached is your first payment coupon. Beginning next month you will receive a monthly billing statement.

If your monthly payment includes additional funds for the payment of taxes and insurance, please refer to the General Tax and Insurance sections on page 2 of this statement.

## HOW TO CONTACT SLS

For up-to-the minute information about your account, use our 24-hour automated information system. To ask about this statement or general up-to-the-minute account information, please call 1-800-315-4SLS (4757), Monday - Friday 6a.m. - 6p.m. MST. TDD: 1-800-268-9419, Monday - Friday 8:00 a.m. to 5:00 p.m. MST. Se Habla espanol - 1-800-315-4SLS (4757).

Or write to us at:

General Customer Service Inquiries: P.O. Box 636005
Littleton, CO 80163-6005

Tax Department: P.O. Box 961059
Ft. Worth, TX 76161-0059
Phone: 1-866-801-1373
Fax: 1-817-826-0460

Insurance Department: P.O. Box 620188
Doraville, GA 30362
Phone: 1-800-441-4145
Fax: 1-678-475-8763

Payments: Attn: Remittance Processing
P.O. Box 105219
Atlanta, GA 30348-5219

Overnight Deliveries: 8742 Lucent Blvd., Suite 300
Highlands Ranch, CO 80129

Our Website - www.sls.net
How to reach your previous servicer:
First Tennessee
845 Crossover Lane
Memphis TN 38117
901-435-8080  (If not a toll free number, you may call collect.)
Monday through Friday 7:00am to 8:00pm CST

---

Detach and return with payment

---



**SLS**
Specialized Loan Servicing LLC
P.O. Box 636005
Littleton, CO 80163-6005
1-800-315-4SLS (4757)

| Account Number | |
|---|---|
| 1005785952 | |
| 2nd Mortgage | |

A fee up to $25.00 will be charged for each returned payment except as otherwise limited by law.

### PAYMENT INSTRUCTIONS

1. Please
   - Do not send cash
   - Do not staple your check to the payment coupon
   - Do not include correspondence
2. Write your account number on your check or money order.
3. Write in any additional amounts you are including. (If the total is more than $5,000, please send certified check.)
4. Make your check payable to
   Specialized Loan Servicing
   Attn: Remittance Processing

Principal $ _____

Escrow $ _____

Other $ _____

Amount Enclosed $ _____

Specialized Loan Servicing, LLC
PO Box 105219
Atlanta, GA 30348-5219



| Account Number | Statement Date |
|---|---|
| 1005785952 | 02/09/12 |
| 2nd Mortgage | |
| Property Address | |
| 10204 Eisenhower Ln | |
| Great Falls VA 22066 | |

## General Tax and Insurance Information

monthly home loan payment may include an amount to be deposited into an escrow or impound account from which we pay the insurance and/or taxes. We may w this account during the first 12 months to ensure that our monthly payment to this account is appropriate.

Any property tax bill sent directly to you should be forwarded immediately to Specialized Loan Servicing Tax Department, so that you can be assisted in avoiding penalties incurred by late payments. Also, you should be sure that you have applied for all money-saving tax exemptions available through your tax authority.

The terms of your mortgage loan require that you maintain insurance coverage for at least the amount of the outstanding balance of your loan, or 100% of the insurable value of the improvements. It also must show Specialized Loan Servicing in the mortgage clause. You can have an active part in determining your monthly escrow payment by verifying with your insurance agent the exact amount of insurance you need to carry, and reminding them that your renewal policy must be sent directly to us well before the renewal date. Without a policy in our office within fifteen days prior to the renewal date, we may have to place coverage with an agent of our choice to protect our security interest. Any insurance correspondence should be forwarded immediately to Specialized Loan Servicing Insurance Department.

If you wish to make a mid-term insurance policy substitution, you are responsible for canceling the previous policy and paying the new carrier. You must send us a copy of the cancellation notice for the prior policy, a copy of the new policy with the appropriate mortgage clause and a paid receipt for the first year's premium. We encourage you to contact your insurance company immediately to verify that your policy reflects Specialized Loan Servicing LLC as your new loan servicer. Your mortgage clause must read as follows: "Specialized Loan Servicing LLC, its successors and/or assigns." Please also provide your agent with your new account number and Specialized Loan Servicing address.

To monitor this escrow account, we perform an escrow analysis annually, resulting in a payment adjustment based on the most recent amounts paid for taxes and insurance. The new payment will collect for the current year exactly what was previously paid out. Because we cannot anticipate the local tax increases or insurance costs, an increase in these factors will result in escrow changes and/or shortages.

## Important Information

the servicing of your Home Equity Line of Credit will be transitioning to SLS on the effective date of your welcome letter, the requirements and obligations lender will not. SLS will facilitate your lending privileges, such as ordering checks and processing your requested draws; however, SLS will not be your er.

## Additional Important Information

onal Insurance - SLS does not currently offer life insurance or disability insurance. If you were previously enrolled in this service, it will no longer be part of your thly payment. You should contact your provider to arrange for payment or cancellation of this service.

thly Automatic payment drafting - Specialized Loan Servicing is pleased to offer this service. Simply contact our Customer Service department at 1-800-315-4SLS 7). If you previously arranged with your prior Servicer to have your monthly mortgage payment drafted from your bank account, that service was automatically ntinued when your loan was transferred to SLS. If you would like to continue to have your monthly mortgage payment drafted from your bank account, you must enroll SLS in order to take advantage of this service for your future payments.

of Year Statements - Every year, in January, we will send you an accounting of your loan for the previous calendar year along with a statement of taxes and interest for income taxes purposes. Please be sure to keep us advised of any change in your mailing address.

## Important Messages

our protection, please be advised that we are attempting to collect a debt and any information obtained will be used for that purpose. Calls will be monitored recorded for quality assurance purposes. If you do not wish for your call to be recorded, please notify the customer service associate when calling.

tion to any Customer in Bankruptcy or who has received a bankruptcy discharge of this debt: please be advised that this letter constitutes neither a and for payment of the captioned debt nor a notice of personal liability to any recipient hereof who might have received a discharge of such debt in rdance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code, however, it may notice of possible enforcement of our lien against the collateral property, which has not been discharged in your bankruptcy.

Account Number
1005785952
2nd Mortgage
Property Address
10204 Eisenhower Ln
Great Falls VA 22066

Statement Date
02/09/12

## IMPORTANT PAYMENT OPTIONS INFORMATION FOR YOUR RECORDS

**Address Payment To:**
Specialized Loan Servicing
P.O. Box 105219
Atlanta, GA 30348-5219

### Regular Payment Instructions:
* For payments made by regular mail, and in proper form, please allow 10 days for processing.
* Payments received on a business day prior to 9:00 p.m. EST and in proper form will be effective dated and processed as of the date of receipt.

### Avoid Delays in Payment Processing:
* Always mail payments in proper form, which is with coupon in window envelope provided, writing your account number on the check. *DO NOT SEND CASH.*
* Do not send correspondence with your payment. Send all correspondence to the address listed on this statement. Failure to do any of these steps may result in a delay in posting.
* In the event that you do not receive your monthly billing statement, *DO NOT DELAY PAYMENT.* Write your account number on your check and mail it to the payment address provided in this statement. Payments must be sent in proper form to avoid a delay in processing.

### Payment Options:
* Monthly automatic draft - it's free and easy, just call our Customer Care Center today and sign up.
* Visit our web site and pay on line. There is a fee for this service. Payment received prior to 6:00 p.m. MST will be effective dated the same day.
* Pay by phone. You may use our automated service by calling the Customer Care Center or by speaking with a Customer Care associate. There is a fee for this service. Payments received by 6:00 p.m. MST will be effective dated the same day.
* Payments sent via certified mail or overnight must be sent to the address on this statement. Failure to do so may result in a delay of posting.

✦ 0365522 000001499 09SLS2 0057666

**SLS**
Specialized Loan Servicing, LLC

8742 Lucent Blvd.
Suite 300
Highlands Ranch, CO 80129
1-800-315-4SLS (4757)

| Account Number | Statement Date |
|---|---|
| 1005785952 | 02/09/12 |
| 2nd Mortgage | |
| Property Address | |
| 10204 Eisenhower Ln | |
| Great Falls VA 22066 | |

## NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

Welcome to Specialized Loan Servicing LLC. It is our pleasure to welcome you as a customer. Your home loan servicing was recently transferred to us and this is your official notice of the transfer, as legally required. Your home loan was previously serviced by First Tennessee and you officially became a Specialized Loan Servicing LLC customer effective 02/11/2012. Going forward, Specialized Loan Servicing will handle the servicing of your home loan, which means collecting your monthly home loan payments and handling related issues. Please note the terms and conditions of your mortgage loan documents do not change in any way, other than terms directly related to the servicing of your home loan.

Except in limited circumstances, the law requires that your present servicer send you a notice at least 15 days prior to the effective servicing transfer date, which is also the date you should begin sending your payments to Specialized Loan Servicing. Your present servicer may have provided this notice as part of your loan closing documents. If this is the case, please note that your first payment will be due to Specialized Loan Servicing. Specialized Loan Servicing must also send you this transfer notice no later than 15 days after the transfer date, which is why you are receiving this notice as part of your welcome package.

The date that First Tennessee will stop accepting payments from you is 02/11/2012. All payments due on or after 02/11/2012 should be sent to Specialized Loan Servicing. Your payment options are listed below.

**IF YOUR PROPERTY IS LOCATED IN THE STATE OF TEXAS:** Complaints regarding the servicing of your mortgage should be sent to the Department of Savings and Mortgage Lending, 2601 N. Lamar, Suite 201, Austin, Texas 78705. A toll-free consumer hotline is available at 1-877-276-5550.

Finally, we want to make you aware of certain rights you have under RESPA. A summary is provided at the bottom of this notice.

## ABOUT YOUR RIGHTS UNDER "RESPA"

You should be aware of your rights as a consumer with a home loan. These are explained in detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA)(12 U.S.C. 2605). Some of the highlights are as follows:

- If during the first 60 days after your first payment is due to Specialized Loan Servicing, you mistakenly send your payment to First Tennessee, Specialized Loan Servicing is not allowed to charge you a late fee, or to report you to the credit bureau during the 60 day period stated above.

- If you send a "qualified written request" to Specialized Loan Servicing concerning the servicing of your loan, we must provide you with a written acknowledgement within 5 Business Days of the receipt of your request. A "qualified written request" is a written correspondence which includes your name and account number and your reasons for the request. Writing a note on your payment coupon or envelope is not considered a "qualified written request". Inquiries or information sent to us via our website is not considered a "qualified written request". Qualified written request must be sent to:

Attn: Customer Care Support
P.O. Box 636005
Littleton, CO 80163-6005

Specialized Loan Servicing has 30 Business Days after receiving your request to make any appropriate corrections to your account. We must provide you with a written clarification about any dispute about your account. Within 60 days of receiving your "qualified written request", we may not provide information to a consumer reporting agency concerning any overdue payment related to your qualified written request. However, this does not prevent us from initiating foreclosure if proper grounds exist under your loan documents.

A Business Day is any day excluding legal public holiday (state or federal), Saturday or Sunday.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.



**Bank of America**

**Online Banking**

## Payment Activity

Results 1-20 of 22

| Pay To: Name Nickname | Pay From | Amount | Deliver By | Confirmation Number | Status |
|---|---|---|---|---|---|
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $680.00 | 11/04/2013 | GCLXH-HHNG4 | In Process |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $680.00 | 10/04/2013 | G8MQ5-NNW8C | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $680.00 | 09/05/2013 | G5HCJ-M7BKY | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $680.00 | 08/05/2013 | G2LSB-S9Y6K | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $1,907.55 | 07/05/2013 | FZGM7-JGV4K | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $1,155.81 | 06/07/2013 | FWMG0-7K9C9 | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $680.00 | 06/06/2013 | FWF36-3DH9Q | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $750.00 | 05/03/2013 | FR7C3-HBSZW | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $750.00 | 04/05/2013 | FNH3D-PHSC7 | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $695.00 | 03/05/2013 | FJRHP-F60K6 | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $680.00 | 02/06/2013 | FH3QR-NF1SP | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $680.00 | 01/04/2013 | FCSNN-1Z5YS | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $680.00 | 12/05/2012 | F7YF7-8CF70 | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $680.00 | 11/05/2012 | F56PJ-4C81F | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $680.00 | 10/05/2012 | F1N31-RHPCZ | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $680.00 | 09/06/2012 | DYV2J-8K85C | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $680.00 | 08/06/2012 | DVRTK-LVR8R | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $680.00 | 07/03/2012 | DR9YX-862T5 | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $1,290.87 | 06/01/2012 | DN9ZD-DLX55 | Processed |
| Specialized Loan Servicing, LLC FORMER FIRST HORIZON -5952 | ADV TIERED INTEREST CHKG-7153 | $680.00 | 05/02/2012 | DK971-T0LBC | Processed |

**3**



**SLS**
Specialized Loan Servicing, L.L.C.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

June 15, 2012

John Bell
5631-C Burke Ctr. Pkwy.
Burke, VA 22015


RE: Loan Number:   **1005785952**
                   **Emanuel Maniatis**
                   **10504 Eisenhower Ln.**
                   **Great Falls, VA 22066**

Dear John Bell,

This letter is in response to your client's correspondence dated May 3, 2012 and an additional correspondence received from your office dated June 7, 2012 regarding payment issues on the above referenced loan.

Our records indicate that payments were posted incorrectly to the account. Because of the incorrect posting, notices were generated. Please disregard these notices as the account has been corrected and now is up to date. There has been no adverse credit reporting or fee charges as a result of this error. The next payment due is for June 8, 2012.

We apologize for the inconvenience this has caused.

We have added John Bell as an authorized third party to the account, effective June 6, 2012.

If you have any questions regarding this information, please contact Customer Care toll free at 800-315-4757, Monday through Friday, 6:00 a.m. until 6:00 p.m. MST or TDD 800-268-9419, Monday through Friday, 8:00 a.m. until 5:00 p.m. MST.

Sincerely,

Jana ID#04350
Customer Care Support
Specialized Loan Servicing, LLC


BANKRUPTCY NOTICE- IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT: PLEASE BE ADVISED THAT THIS NOTICE IS TO ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT MAY BE A NOTICE OF POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY. IF YOU HAVE ANY QUESTIONS PLEASE CONTACT OUR CUSTOMER CARE CENTER AT 800-306-6057.

8742 Lucent Blvd, Suite 300, Highlands Ranch, Colorado 80129
Direct 800-315-4757   Fax 720-241-7218



 **SLS**

8742 Lucent Boulevard · Suite 300 · Highlands Ranch, CO 80129

☎ 800-315-4757
📠 720-241-7218

## THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

July 26, 2013

Law Firm of John Bell
Attn: John Bell
5631-C Burke Ctr. Pkwy.
Burke, VA 22015

RE:  Loan Number:    **1005785952**
                     **Emanuel Maniatis**
                     **10204 Eisenhower Ln.**
                     **Great Falls, VA 22066**

Dear John Bell,

This letter is in response to your written correspondence dated June 19, 2013 and received on June 21 and June 24, 2013 and your correspondence dated June 24, 2013 and received on the same day, regarding billing for the above referenced account.

In responding to Qualified Written Requests, we adhere to the requirements of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605), which provides that a servicer has five (5) business days to acknowledge the receipt of a Qualified Written Request and thirty (30) business days to respond to a Qualified Written Request.

In your June 19, 2013 letter you stated that Mr. Beggins did not respond to your June 7, 2012 correspondence. Please note that Jana's letter dated June 15, 2012 was the response to your request, on behalf of Mr. Beggins.

While we do have your firm as an authorized third party, the mailing address on the account continues to be your client's address. If your client would like to change their mailing address to 5631-C Burke Ctr. Pkwy., Burke, VA 22015, they may submit a request to the contact information above noting that you are handling all of their finances. Currently, any responses to qualified written requests will be mailed to you; however, any system generated letter (such as billing statements, account changes, delinquency notices etc.) will continue to be mailed to your client unless we receive notice from him that you will be handling all of his finances.

Additionally, due to the cease and desist request received, your clients' home and work telephone numbers have been removed from our records and they will no longer receive calls of any kind. Our only communication will be through written correspondence henceforth.

In your June 24, 2013 letter, you inquired about the current billing statements. Upon review of the account, it was discovered that the billing amount was changed prematurely. Per the loan modification agreement completed on May 18, 2010, the temporary fixed payment of $669.07 was set to continue for 60 months. The temporary fixed payment was changed to the payments specified under the Note in June 2013, two years before the change was set to occur. On July 25, 2013 this error was corrected. The amount due is once again $669.07 and the loan is current and due for September 8, 2013.  Please accept our apologies for this error.

Setting the Standard

 *5*



On July 25, 2013 funds in the amount of $3,074.29, which were applied based on the incorrect billing, were reversed and reapplied in the following manner:

- Funds in the amount of $669.07 were used to satisfy the July 8, 2013 billing.
- Funds in the amount of $669.07 were used to satisfy the August 8, 2013 billing.
- The remaining balance in the amount of $1,736.15 was applied toward principal as curtailment.

If your client would like to take a different action with regard to the funds applied as curtailment, please submit written correspondence to that effect. We have enclosed a payment history for your review. Again, please accept our apologies for any inconvenience this may have caused. Further, we would like to confirm that no negative credit reporting has ever been submitted to the credit reporting agencies by Specialized Loan Servicing (SLS) for this account, as payments have always been received within 30 days.

We do not agree with your statement that SLS should be responsible for the damages and legal fees your client has suffered as outlined in your letter. The June 2012 and June 2013 issues were not related to each other, and were corrected once brought to our attention. Further, we would have taken the exact same steps to research this matter and correct the errors had your client contacted us directly. We do not require legal representation as a condition before researching disputes and making appropriate corrections.

If you have any questions regarding this information, please contact Customer Care toll free at 800-315-4757, Monday through Friday, 6:00 a.m. until 6:00 p.m. MST or TDD 800-268-9419, Monday through Friday, 8:00 a.m. until 5:00 p.m. MST.

Sincerely,

Joann, ID # 12078
Customer Care Support
Specialized Loan Servicing, LLC

Enclosure(s)

**BANKRUPTCY NOTICE-** If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt, please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy. If you have questions, please contact us at 1-800-306-6057.

**Specialized Loan Servicing**
**Payment Histories**

Account Number: 1005785952

Borrower Information: EMANUEL MANIATIS

10204 EISENHOWER LN

GREAT FALLS, VA 22066

| Transaction Date | Principal Amt | Interest Amt | Escrow Amt | Late Charge Amt | Unapplied Funds Amt | Transaction Amt | Transaction Type | Balance Principal | Paid Through Date | Transaction Code | Transaction Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/25/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | SR | 185044.56 | | | |
| 07/25/2013 | $1,736.15 | $0.00 | $0.00 | $0.00 | ($1,736.15) | $0.00 | CT | 185044.56 | 08/08/2013 | | |
| 07/25/2013 | $0.00 | $0.00 | $0.00 | $0.00 | ($1,736.15) | $0.00 | UFU | N/A | 08/08/2013 | | |
| 07/25/2013 | $1,736.15 | $0.00 | $0.00 | $0.00 | $0.00 | $1,736.15 | LOK | 186756.03 | 08/08/2013 | | |
| 07/25/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | SR | 186780.71 | 08/08/2013 | | |
| 07/25/2013 | ($1,736.15) | $0.00 | $0.00 | $0.00 | $0.00 | ($1,736.15) | LOK | 188492.18 | 08/08/2013 | | |
| 07/25/2013 | ($1,736.15) | $0.00 | $0.00 | $0.00 | $1,736.15 | $0.00 | CTR | 186780.71 | 08/08/2013 | | |
| 07/25/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,736.15 | UFU | N/A | 08/08/2013 | | |
| 07/25/2013 | $1,736.15 | $0.00 | $0.00 | $0.00 | ($1,736.15) | $0.00 | CT | 185044.56 | 08/08/2013 | | |
| 07/25/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($1,736.15) | UFU | N/A | 08/08/2013 | | |
| 07/25/2013 | $1,736.15 | $0.00 | $0.00 | $0.00 | $0.00 | $1,736.15 | LOK | 186756.03 | 08/08/2013 | | |
| 07/25/2013 | $509.37 | $159.70 | $0.00 | $0.00 | ($669.07) | $0.00 | SR | 186780.71 | 03/08/2013 | | |
| 07/25/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | PA | 186780.71 | 08/08/2013 | | |
| 07/25/2013 | $509.37 | $159.70 | $0.00 | $0.00 | $0.00 | ($669.07) | UFU | N/A | 08/08/2013 | | |
| 07/25/2013 | $513.90 | $155.17 | $0.00 | $0.00 | ($669.07) | $669.07 | LOK | 188492.18 | 08/08/2013 | | |
| 07/25/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | PA | 187290.08 | 07/08/2013 | | |
| 07/25/2013 | $513.90 | $155.17 | $0.00 | $0.00 | $0.00 | ($669.07) | UFU | N/A | 07/08/2013 | | |
| 07/25/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $669.07 | LOK | 189001.55 | 07/08/2013 | | |
| 07/25/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | SR | 187803.98 | 06/08/2013 | | |
| 07/25/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $3,074.29 | $3,074.29 | SR | 187803.98 | 06/08/2013 | | |
| 07/25/2013 | ($1,236.74) | $0.00 | $0.00 | $0.00 | $0.00 | $3,074.29 | UFU | N/A | 06/08/2013 | | |
| 07/25/2013 | ($1,236.74) | $0.00 | $0.00 | $0.00 | $0.00 | ($1,236.74) | CTR | 187803.98 | 06/08/2013 | | |
| 07/25/2013 | ($1,837.55) | $0.00 | $0.00 | $0.00 | $0.00 | ($1,236.74) | LOK | 189515.45 | 06/08/2013 | | |
| 07/25/2013 | ($1,837.55) | $0.00 | $0.00 | $0.00 | $0.00 | ($1,837.55) | CTR | 186567.24 | 06/08/2013 | | |
| 07/05/2013 | $1,837.55 | $0.00 | $0.00 | $0.00 | $0.00 | ($1,837.55) | LOK | 188278.71 | 06/08/2013 | | |
| 07/05/2013 | $1,837.55 | $0.00 | $0.00 | $0.00 | $0.00 | $1,837.55 | CWA | 184729.69 | 06/08/2013 | | |
| 07/05/2013 | $1,745.13 | $160.68 | $0.00 | $0.00 | $0.00 | $1,837.55 | SBL | 186441.16 | 06/08/2013 | | |
| 07/05/2013 | $0.00 | $0.00 | $0.00 | $0.00 | ($1,835.81) | $70.00 | AP | 186567.24 | 06/08/2013 | | |
| 07/05/2013 | $508.39 | $160.68 | $0.00 | $0.00 | $0.00 | ($1,835.81) | UFU | N/A | 06/08/2013 | | |
| 09/07/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $669.07 | SBL | 188278.71 | 06/08/2013 | | |
| 06/07/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $1,155.81 | $1,155.81 | SRA | 188312.37 | 05/08/2013 | | |
| 06/06/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,155.81 | UFU | N/A | 05/08/2013 | | |
| 06/06/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $680.00 | $680.00 | SRA | 188312.37 | 05/08/2013 | | |
| 05/03/2013 | $80.93 | $0.00 | $0.00 | $0.00 | $0.00 | $680.00 | UFU | N/A | 05/08/2013 | | |
| 05/03/2013 | $80.93 | $0.00 | $0.00 | $0.00 | $0.00 | $80.93 | CWA | 188312.37 | 05/08/2013 | | |
| 05/03/2013 | $513.04 | $156.03 | $0.00 | $0.00 | $0.00 | $80.93 | SBL | 188787.10 | 05/08/2013 | | |
| 05/03/2013 | $513.04 | $156.03 | $0.00 | $0.00 | $0.00 | $669.07 | AP | 188393.30 | 05/08/2013 | | |
| 04/05/2013 | $80.93 | $0.00 | $0.00 | $0.00 | $0.00 | $669.07 | SBL | 188858.03 | 05/08/2013 | | |
| 04/05/2013 | $80.93 | $0.00 | $0.00 | $0.00 | $0.00 | $80.93 | CWA | 188906.34 | 04/08/2013 | | |
| 04/05/2013 | $507.38 | $161.69 | $0.00 | $0.00 | $0.00 | $80.93 | SBL | 189381.07 | 04/08/2013 | | |
| 04/05/2013 | $507.38 | $161.69 | $0.00 | $0.00 | $0.00 | $669.07 | AP | 188987.27 | 04/08/2013 | | |
| 03/05/2013 | $25.93 | $0.00 | $0.00 | $0.00 | $0.00 | $669.07 | SBL | 189462.00 | 04/08/2013 | | |
| | | | | | | $25.93 | CWA | 189494.65 | 03/08/2013 | | |

| Date | Amt | Amt | Amt | Amt | Amt | Post Date | Reference | Amount | Code | Note |
|---|---|---|---|---|---|---|---|---|---|---|
| 03/05/2013 | $25.93 | $0.00 | $0.00 | $0.00 | $0.00 | 03/08/2013 | 189369.38 | $25.93 | SBL | |
| 03/08/2013 | $522.58 | $146.49 | $0.00 | $0.00 | $0.00 | 03/08/2013 | 188958.58 | $669.07 | SBL | |
| 03/05/2013 | $522.58 | $146.49 | $0.00 | $0.00 | $0.00 | 03/08/2013 | 188995.31 | $669.07 | CWA | |
| 02/08/2013 | $10.93 | $0.00 | $0.00 | $0.00 | $0.00 | 03/08/2013 | 190943.16 | $10.93 | AP | |
| 02/08/2013 | $506.51 | $162.56 | $0.00 | $0.00 | $0.00 | 02/08/2013 | 190517.89 | $669.07 | AP | |
| 02/08/2013 | $506.51 | $162.56 | $0.00 | $0.00 | $0.00 | 02/08/2013 | 190534.05 | $669.07 | AP | |
| 01/04/2013 | $10.93 | $0.00 | $0.00 | $0.00 | $0.00 | 02/08/2013 | 190528.82 | $10.93 | SBL | |
| 01/04/2013 | $10.93 | $0.00 | $0.00 | $0.00 | $0.00 | 01/08/2013 | 190560.60 | $669.07 | SBL | |
| 01/04/2013 | $506.05 | $163.02 | $0.00 | $0.00 | $0.00 | 01/08/2013 | 191035.33 | $669.07 | AP | |
| 01/04/2013 | $506.05 | $163.02 | $0.00 | $0.00 | $0.00 | 01/08/2013 | 191571.53 | $669.07 | AP | |
| 12/05/2012 | $10.93 | $0.00 | $0.00 | $0.00 | $0.00 | 01/08/2013 | 191046.26 | $10.93 | CWA | |
| 12/05/2012 | $10.93 | $0.00 | $0.00 | $0.00 | $0.00 | 12/08/2012 | 191077.58 | $669.07 | AP | |
| 12/05/2012 | $510.88 | $158.19 | $0.00 | $0.00 | $0.00 | 12/08/2012 | 191552.31 | $669.07 | SBL | |
| 12/05/2012 | $510.88 | $158.19 | $0.00 | $0.00 | $0.00 | 12/08/2012 | 191088.51 | $10.93 | CWA | |
| 11/05/2012 | $10.93 | $0.00 | $0.00 | $0.00 | $0.00 | 12/04/2012 | 191563.24 | $669.07 | SBL | |
| 11/05/2012 | $10.93 | $0.00 | $0.00 | $0.00 | $0.00 | 11/04/2012 | 191599.39 | $10.93 | SBL | |
| 11/05/2012 | $506.17 | $163.90 | $0.00 | $0.00 | $0.00 | 11/09/2012 | 192074.12 | $669.07 | SBL | |
| 10/05/2012 | $506.17 | $163.90 | $0.00 | $0.00 | $0.00 | 11/03/2012 | 191610.32 | $10.93 | SBL | |
| 10/05/2012 | $10.93 | $0.00 | $0.00 | $0.00 | $0.00 | 11/09/2012 | 192085.05 | $669.07 | AP | |
| 10/05/2012 | $10.93 | $0.00 | $0.00 | $0.00 | $0.00 | 10/08/2012 | 192115.49 | $10.93 | SBL | |
| 09/04/2012 | $510.01 | $159.06 | $0.00 | $0.00 | $0.00 | 10/08/2012 | 192590.22 | $669.07 | SBL | |
| 09/06/2012 | $510.01 | $159.06 | $0.00 | $0.00 | $0.00 | 10/09/2012 | 192126.62 | $10.93 | CWA | |
| 09/06/2012 | $10.93 | $0.00 | $0.00 | $0.00 | $0.00 | 10/04/2012 | 192601.15 | $669.07 | AP | |
| 09/06/2012 | $10.93 | $0.00 | $0.00 | $0.00 | $0.00 | 09/06/2012 | 192635.43 | $669.07 | SBL | |
| 09/05/2012 | $594.28 | $164.79 | $0.00 | $0.00 | $0.00 | 09/04/2012 | 193111.16 | $10.93 | SBL | |
| 09/05/2012 | $594.28 | $164.79 | $0.00 | $0.00 | $0.00 | 09/06/2012 | 193172.35 | $10.31 | CWA | |
| 07/03/2012 | $10.31 | $0.00 | $0.00 | $0.00 | $0.00 | 08/08/2012 | 193151.64 | $669.07 | AP | |
| 07/03/2012 | $10.31 | $0.00 | $0.00 | $0.00 | $0.00 | 08/07/2012 | 193625.37 | $10.31 | SBL | |
| 07/03/2012 | $503.88 | $165.81 | $0.00 | $0.00 | $0.00 | 08/08/2012 | 193161.95 | $669.69 | AP | |
| 07/03/2012 | $503.88 | $165.81 | $0.00 | $0.00 | $0.00 | 08/08/2012 | 193636.68 | $669.69 | SBL | |
| 06/28/2012 | $10.93 | $0.00 | $0.00 | $0.00 | $0.00 | 07/03/2012 | 193665.83 | $10.93 | CWA | |
| 05/28/2012 | $10.93 | $0.00 | $0.00 | $0.00 | $0.00 | 07/08/2012 | 194140.55 | $669.07 | AP | |
| 06/28/2012 | $509.03 | $160.04 | $0.00 | $0.00 | $0.00 | 07/08/2012 | 193676.76 | $669.07 | SBL | |
| 06/28/2012 | $509.03 | $160.04 | $0.00 | $0.00 | $0.00 | 07/09/2012 | 194151.49 | $669.07 | SBL | |
| 06/28/2012 | $124.98 | $0.00 | $0.00 | $0.00 | $0.00 | 06/08/2012 | 194185.79 | $124.98 | CMP | |
| 06/28/2012 | $124.98 | $0.00 | $0.00 | $0.00 | $0.00 | 06/03/2012 | 194660.52 | $124.98 | OK | |
| 06/28/2012 | $502.99 | $166.15 | $0.00 | $0.00 | $0.00 | 05/08/2012 | 194532.89 | $669.14 | PA | |
| 06/28/2012 | $502.99 | $166.15 | $0.00 | $0.00 | $0.00 | 06/08/2012 | 194310.77 | $669.14 | LOK | |
| 06/28/2012 | $506.18 | $160.89 | $0.00 | $0.00 | $0.00 | 06/08/2012 | 194785.50 | $669.07 | PA | |
| 06/01/2012 | $0.00 | ($52.34) | $0.00 | $0.00 | $0.00 | 05/04/2012 | 194813.76 | ($5.00) | SBL | |
| 06/01/2012 | (172.23) | $0.00 | $0.00 | $0.00 | $0.00 | 05/04/2012 | 0.00 | (172.23) | PWV | |
| 06/01/2012 | (172.23) | $0.00 | $0.00 | $0.00 | $0.00 | 04/08/2012 | N/A | (172.23) | CTR | 051 |
| | (616.77) | $0.00 | $0.00 | $0.00 | $0.00 | 04/08/2012 | 195321.94 | (172.23) | CTR | |
| | (616.77) | $0.00 | $0.00 | $0.00 | $0.00 | 04/08/2012 | 196288.49 | (616.73) | CTR | |
| | $0.00 | ($108.55) | $0.00 | ($33.45) | $0.00 | 04/08/2012 | 195149.62 | (616.73) | CTR | |
| | ($108.55) | $0.00 | $0.00 | $0.00 | $0.00 | 04/08/2012 | 195116.17 | (142.00) | RID | |
| | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 04/08/2012 | 194532.89 | ($527.14) | OK | |
| | ($527.14) | $0.00 | $0.00 | $0.00 | $0.00 | 05/08/2012 | 194532.89 | ($527.14) | CTR | |
| | ($527.14) | $0.00 | $0.00 | $0.00 | $0.00 | 05/08/2012 | 194499.44 | (65.00) | FR | |
| | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 05/09/2012 | N/A | $5.00 | FR | |
| | $527.14 | $108.55 | $0.00 | $33.45 | $0.00 | 05/08/2012 | 194006.75 | $669.14 | CWA | 051 |
| | $669.14 | $0.00 | $0.00 | $0.00 | $0.00 | 05/08/2012 | 193972.30 | $669.14 | PWA | 051 |
| | $598.18 | $108.55 | $0.00 | $0.00 | $0.00 | 05/08/2012 | 194641.44 | $616.73 | SBL | |

| Date | Amt | Amt | Amt | Amt | Amt/Code | Ref | Date | | |
|---|---|---|---|---|---|---|---|---|---|
| 05/01/2012 | $616.73 | $0.00 | $0.00 | $0.00 | $616.73 CWA | 194532.89 | 04/08/2012 | | |
| 05/02/2012 | $172.32 | $0.00 | $0.00 | $0.00 | $0.00 CWP | 195149.62 | 04/08/2012 | | |
| 05/02/2012 | $0.00 | $0.00 | $0.00 | ($172.32) | ($172.32) UFU | N/A | 04/08/2012 | | |
| 05/02/2012 | $172.32 | $0.00 | $0.00 | $0.00 | $172.32 UFU | 195149.62 | 04/08/2012 | | |
| 05/02/2012 | $507.68 | $0.00 | $0.00 | ($507.68) | $0.00 PA | 195321.94 | 04/09/2012 | | |
| 05/02/2012 | $0.00 | $0.00 | $0.00 | $0.00 | ($507.68) UFU | N/A | 04/09/2012 | | |
| 05/02/2012 | ($213.73) | $0.00 | $0.00 | $0.00 | ($213.73) SBL | 0.00 | 04/08/2012 | | |
| 05/02/2012 | $507.68 | ($452.34) | $0.00 | $0.00 | $455.34 LOK | 195321.94 | 04/08/2012 | | |
| 04/30/2012 | $0.00 | $0.00 | $0.00 | ($690.00) | ($690.00) SRD | 195929.62 | 03/08/2012 | | |
| 04/30/2012 | $0.00 | $0.00 | $0.00 | $0.00 | ($690.00) UFU | 195929.62 | 03/08/2012 | | |
| 04/30/2012 | $0.00 | $0.00 | $0.00 | $690.00 | $690.00 SR | N/A | 03/08/2012 | | |
| 04/30/2012 | $0.00 | $0.00 | $0.00 | $690.00 | $690.00 SR | 195929.62 | 07/09/2012 | | |
| 04/09/2012 | $0.00 | $0.00 | $0.00 | $0.00 | $690.00 UFU | N/A | 07/09/2012 | | |
| 04/09/2012 | ($507.68) | $0.00 | $0.00 | $0.00 | ($507.68) CTR | 195929.62 | 03/09/2012 | | |
| 04/09/2012 | ($172.32) | $0.00 | $0.00 | $0.00 | ($172.32) CTR | 195321.94 | 03/08/2012 | | |
| 04/27/2012 | ($172.32) | $0.00 | $0.00 | $0.00 | ($172.32) LOK | 195929.62 | 03/08/2012 | | |
| 04/09/2012 | $0.00 | $0.00 | $0.00 | $0.00 | $5.00 PB | N/A | 03/08/2012 | | |
| 02/30/2012 | $172.32 | $0.00 | $0.00 | $0.00 | $172.32 CWA | 195149.62 | 03/08/2012 | HIST/YE STMT COP | 051 |
| 02/30/2012 | ($172.32) | $0.00 | $0.00 | $0.00 | $172.32 SBL | 195657.30 | 03/08/2012 | | |
| 02/30/2012 | $507.68 | $0.00 | $0.00 | $0.00 | $307.68 CWA | 195321.94 | 03/08/2012 | | |
| 01/13/2012 | $10.93 | $0.00 | $0.00 | $0.00 | $10.93 CWA | 195829.62 | 03/08/2012 | | |
| 01/13/2012 | $10.93 | $0.00 | $0.00 | $0.00 | $10.93 SBL | 195829.62 | 03/09/2012 | | |
| 01/13/2012 | $513.06 | $156.01 | $0.00 | $0.00 | $659.07 AP | 195840.55 | 03/09/2012 | | |
| 01/13/2012 | $513.06 | $156.01 | $0.00 | $0.00 | $659.07 SBL | 195840.55 | 03/08/2012 | | |

Specialized Loan Servicing Transaction Codes

| CODE | Description |
|------|-------------|
| AMC | ARM loan Interest/Payment adjustment- increase or decrease of interest/payment |
| AP | Autopost Payment- non cashier payment posted via: SpeedPay, WebPay, ACH & Lockbox |
| CT | Curtailment – Additional money sent in with a payment |
| CTA | Curtailment posted via autopost |
| CTR | Curtailment reversal |
| CTT | Reapplication of curtailment due to Investor Transfer |
| CWA | Curtailment posted with a payment via autopost |
| CWP | Curtailment posted with a payment through cashiering |
| FB | Fee billed – the fee's are billed before they can be collected |
| FE | Collection of fee's previously billed (FB) |
| FEA | Collection of fee's previously billed via autopost |
| FP | Collection of fee's not previously billed |
| FR | Fee Reversal |
| FWA | Collection of a billed fee transaction with a payment posted via autopost |
| FWP | Collection of a billed fee with a payment posted by cashiering |
| FWV | Fee waived |
| PA | Payment posted manually- usually from the unapplied funds bucket by cashiering |
| PAY | Payoff statement from the Payoff/Quote screen |
| PF | Payoff |
| PFL | Payoff post through Lockbox |
| PR | Payment Reversal |
| PRL | Payment reversal posted automatically via payoffs through Lockbox |
| ITR | Investor Transfer within SLS network. |
| PT | Reapplication of payment due to investor transfer within network |
| RT | Payment Reversal due to investor transfer within network |
| RP | Regular Payment Post by Cashiering |
| RPY | Repayment Plan Payment |
| RPL | Repayment Plan Payment |
| RPD | Repayment Plan Payment |
| SR | Single Item Receipt – Payment amount less than or greater than monthly payment – Usually assigned to the U bucket |
| SRA | Single Item Receipt via autopost - Payment amount less than or greater than monthly payment – Usually assigned to the U bucket |
| PRN | Payment reversal where N = the Reversal Code |

| N=Code | Description |
|--------|-------------|
| 0 | Reversal Misapplied |
| 1 | Returned NSF |
| 2 | Reversed – Incorrect amount |
| 3 | Returned – Extra Payment Returned to customer |
| 4 | Returned – Irregular Signature |
| 5 | Returned – Account Closed |
| 6 | Returned – Stopped Payment |
| 7 | Reversed – Funds Reallocated |
| 8 | Reversed – ACH payment |
| 9 | Special Reversal |

| SRN | Single Item receipt reversal |
|---|---|

| N=Code | Description |
|---|---|
| 0 | Reversal Misapplied |
| 1 | Returned NSF |
| 2 | Reversed – Incorrect amount |
| 3 | Returned – Extra Payment Returned to customer |
| 4 | Returned – Irregular Signature |
| 5 | Returned – Account Closed |
| 6 | Returned – Stopped Payment |
| 7 | Reversed – Funds Reallocated |
| 8 | Reversed – ACH payment |
| 9 | Special Reversal |

| UI | Uncollected Item – Late charges and DSI uncollected interest |
|---|---|
| UFN | Unapplied funds transaction with N indicating the value of the unapplied funds code after the transaction |

| Code | Description |
|---|---|
| U | Partial Payment, Transitional Monies, BKR checks awaiting posting instructions, Single Item Receipt deposits |
| C | Capitalized loan Modification Funds held for approved deals, before transferring to U bucket.  Money Received before loan modification is through the approval process |
| E | Funds used to pay expenses that were fee based.  Example: Attorney fees not yet bill during the foreclosure process |
| I | Insurance Claim funds held after the property enters the REO classification.  Servicer holds funds to investigate if the repairs were completed. |
| L | Insurance claim funds held while the repairs are being contracted and confirmed.  Money is release at various stages of the repairs being completed. |
| F | Forbearance funds held for repayment plan overages and customers that qualified for the Forbearance Plan. |
| * | BKR funds held for posting |

Pg 1 of 2

**SLS**
P.O. Box 636005
Littleton, CO 80163-6005
1-800-315-4SLS (4757)

✦ 0451724 000000229 09SFC2 0068424
EMANUEL MANIATIS
10204 EISENHOWER LN
GREAT FALLS VA 22066-1705

October 29, 2013

Re: SLS Loan Number:        1005785952
Property Address:          10204 Eisenhower Ln
                           Great Falls, VA 22066

<u>Notice of Default and Notice of Intent to Foreclose</u>

Dear Emanuel Maniatis,

    The Note on the above referenced loan is now in default as a result of your failure to pay the 09/08/13 payment and the payments due each month thereafter, as provided for in said Note. You are hereby notified that to cure such default you are required to pay to this office all past due payments plus late charges and any payments that may become due between the date of this notice and the date the default is cured. The amount required to cure the arrears as of 10/29/13 is $4,448.60. You have thirty-three (33) days from the date of this letter to cure the default. We urge you to immediately upon receipt of this letter contact our Customer Assistance Department at the number provided below to obtain the amount required to reinstate your loan.

    Failure to pay the total amount due under the terms and conditions of your Deed of Trust/Mortgage by 12/01/13 may result in acceleration of the entire balance outstanding under the Note including, but not limited to, the principal, interest and all other outstanding charges and costs, and commencement of foreclosure of the Trust Deed/Mortgage which is security for your Note. Please be advised that any extension of time or forbearance in the exercising of any right or remedy as provided for in the Deed of Trust/Mortgage shall not constitute a waiver of or preclude the exercising of any right or remedy.

    You have the right to reinstate the Note after acceleration as provided by law and you have the right to bring court action to assert the nonexistence of default or any other defense you have to acceleration and sale.

    If your loan is not brought current, inspections of your property will be made and you will be assessed fees for that purpose as permitted under state law. Additionally, if your property is found to be vacant and unsecured, the mortgage holder will have it secured and will charge you for the cost of securing. You may also be liable for reasonable attorney fees and costs incurred in connection with any proceedings on the Note and Trust Deed and such other costs as may be allowed by law. In addition, you may be liable for any deficiency that may be established as a result of the foreclosure action unless precluded by a bankruptcy discharge.





**In accordance with the Fair Debt Collection Practices Act, you are hereby given notice of the following:**

1. Although you are not required to pay the total debt (or balance) of the Account prior to its maturity or acceleration, federal law requires Specialized Loan Servicing to provide you with the amount of the debt. As of 10/29/13, the amount of the unpaid principal balance is $184,364.56. This letter is in no way intended as a payoff statement and you must not rely upon this letter for purposes of paying off your mortgage.

2. Specialized Loan Servicing LLC is the current creditor to whom the debt is owed. If you request in writing within 30 days after you receive this notice, we will provide you with the name and address of the original creditor if different than the current creditor.

3. Unless within 30 days after you receive this notice you dispute the validity of the debt or a portion thereof, the debt will be assumed to be valid. If you notify us in writing within 30 days after you receive this notice that you dispute the debt or a portion thereof, we will obtain and mail to you verification of the debt.

4. Please be advised that we are attempting to collect a debt and any information obtained will be used for that purpose.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt, please be advised that this letter constitutes neither a demand for payment of the captioned debt nor a notice of personal liability to any recipient hereof who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code.

If you believe that you are entitled to the benefits as outlined in the Servicemembers' Civil Relief Act, you should promptly provide us with evidence of your active duty status.

Specialized would like you to be aware that if you are unable to make payments or resume payments within a reasonable period of time due to a reduction in your income resulting from a loss or reduction in your employment, you may be eligible for Homeownership Counseling. Please contact the HUD toll free number (800-569-4287) to obtain a list of HUD approved nonprofit organizations serving your area.

If you have any questions, regarding this letter, please contact Specialized Loan Servicing, LLC at 800-306-6062 Monday through Friday, from 6:00 a.m. to 6:00 p.m. (MT).  TDD number - 800-268-9419 Monday through Friday, from 8:00 a.m. to 5:00 p.m. (MT).

Specialized requests that all payments be made in certified funds, cashier's check or money order(s) payable to and mailed to Specialized Loan Servicing LLC, Attention: Customer Assistance Department to one of the below addresses (always include Loan Number with your payment):



| _VIA Regular Mail_ | _VIA Over Night Address_ | _VIA Western Union Quick Collect_ |
|---|---|---|
| Specialized Loan Servicing, LLC | Specialized Loan Servicing, LLC | Code City: **PAYSLS** |
| PO Box  105219 | 8742 Lucent Blvd, Suite 300 | Code State: CO |
| Atlanta, GA 30348-5219 | Highlands Ranch, CO 80129 | Reference: Loan Number |

The matters discussed herein are of extreme importance. We trust you will give them appropriate attention. It is the practice and policy of SLS is to work with customers that have experienced a hardship. We have many alternative programs available to assist customers in avoiding a foreclosure action. Please visit our website address www.sls.net for options or feel free to contact our Customer Assistance area at 800-306-6062 where one of our experienced and skilled Agents may assist you. Do not delay. There is help available for most customers. We cannot assist you if you do not contact us. We are committed to providing you with professional and courteous service. We respect our customers, especially those that are having difficulties and will always strive to treat you with the dignity you deserve.

SPECIALIZED LOAN SERVICING, LLC
Customer Assistance Department

**LAW FIRM OF JOHN BELL**
**5631-C Burke Ctr. Pkwy.**
**Burke, VA 2015**
**Tel: 703-250-4346**
**Email: jwblaw1@gmail.com**

**November 19, 2013**
**FAXED & MAILED**
**Fax: 720-241-7218**

Specialized Loan Servicing, LLC
8742 Lucent Blvd., Suite 300
Highlands Ranch, CO 80129

Re:  Maniatis, Emanuel
SLS Loan No.: 1005785952
Property Address: 10204 Eisenhower Lane
Great Falls, VA 22066

Dear Sir or Madam,

This Law Firm has been retained by Mr. Emanuel Maniatis to respond to your "Notice of Default and Notice of Intent to Foreclose" per your letter dated October 29, 2013.  Please make ALL communications, oral and/or written, to this Law Firm.

<u>Mr. Maniatis disputes the validity of the alleged debt in its entirety.</u>  He has made all payments on a timely basis.

Mr. Maniatis believes that the facts show that SLS has engaged in a pattern of false and misleading representations of material fact directly and proximately causing harm to him.  He has tried in vain to get SLS to cease and desist its false claims against him.  Most recently, in its letter dated July 26, 2013, SLS admitted it had prematurely changed the billing amount a full two (2) years before the change was set to occur. Despite its admission of negligence, SLS continues to make false, misleading and erroneous charges against Mr. Maniatis.

Mr.  Maniatis is no longer willing to incur legal fees to try and get SLS to do its job and provide accurate, truthful billing.  Letters to SLS' President, Mr. John Beggins, asking for his help have been futile.  Under these circumstances, Mr. Maniatis has concluded that he has no choice but to file a lawsuit against SLS to recover damages caused to him by the false and misleading claims and negligence of SLS.

Sincerely,

John Bell

cc: E. Manistis

*7*

LAW FIRM OF JOHN BELL
5631-C Burke Ctr. Pkwy.
Burke, VA 2015
Tel: 703-250-4346
Fax: 888-551-5129
Email: jwblaw1@gmail.com

November 26, 2013

MAILED BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED & FAXED
(QUALIFIED WRITTEN REQUEST PER RESPA, §6)

Specialized Loan Servicing, LLC
8742 Lucent Blvd., Suite 300
Highlands Ranch, CO 80129
        ATTN:  Customer Service

Re:  Maniatis, Emanuel
SLS Loan No.: 1005785952
Property Address: 10204 Eisenhower Lane
        Great Falls, VA 22066

Dear Sir or Madam,

This Law Firm has been retained by Mr. Emanuel Maniatis to send to you this Qualified Written Request under Section 6 of the Real Estate Settlement Procedure Act (RESPA).

 Please make ALL communications, oral and/or written, to this Law Firm.

Specialized Loan Servicing, LLC (hereinafter referred to as "SLS") services the Home Equity Line of Credit transferred to it from the First Tennessee Bank National Association pursuant to the Home Equity Line of Credit Agreement dated May 18, 2010.

Under the terms of that Agreement, Mr. Maniatis agreed to pay "interest and principal by making monthly fixed payments in the amount of $669.07 (the 'Fixed Payment') for 60 months."

Mr. Maniatis has made all monthly "fixed payments" of not less than $669.07 on a timely basis by electronic transfers from his Bank of America account directly to SLS.

Despite that, SLS had made and continues to make erroneous billings to Mr. Maniatis causing damages to him.  In its letter of June 15, 2012, SLS admitted that it had that there had been incorrect postings.

SLS then made a more far reaching reckless error by prematurely changing the fixed monthly billing amount, $669.07, about two years early.  By its letter of July 26, 2013, SLS admitted that "the billing amount was changed prematurely...two years before the change was set to occur."

Despite its documented history of reckless bungling, mismanagement and gross negligence, by letter of October 29, 2013, SLS sent Mr. Maniatis "Notice of Default and Notice of Intent to Foreclose."   Mr. Maniatis disputes the Notice as yet another example of SLS' reckless, negligent and erroneous billings.  He made a formal protest online.  He also authorized this Law Firm to voice his dispute and a letter dated November 19, 2013, was faxed to SLS, another copy of which is enclosed herein.

Mr. Maniatis demands that SLS immediately rescind its Notice, apologize and send a letter to this Law Firm that his account has been   straightened out.

SLS.

Sincerely,

John Bell

cc: E. Maniatis

VIRGINIA: IN THE CIRCUIT COURT OF FAIRFAX COUNTY

EMANUEL MANIATIS

    Plaintiff

v.                        CL 2013-          2013 - 18025

SPECIALIZED LOAN SERVICING, LLC

    Defendant

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

TO: SPECIALIZED LOAN SERVICING, LLC (Defendant)
  (Hereinafter referred to as "SLS," "defendant" or "you")

      Pursuant to Rules 4:1 and 4:9 of the Rules of the Supreme Court of Virginia, "you" are

directed to produce, for inspection and copying, at the LAW FIRM OF JOHN BELL,

5631-C Burke Center Parkway, Burke, VA 22015, twenty-eight (28) days after service of this

Request, the originals or true, complete and fully legible copies of the following documents

within your possession, custody or control. However, in lieu of personally producing said

documents at the aforesaid time and place, you may mail or deliver same to the

undersigned attorney, at his office, in a manner calculated to arrive at or prior to said date.

      a. All documents and things within the scope of Rule 4:9(a) of the Rules of the Virginia

Supreme Court which are in the possession, custody or control of the party upon whom this Request is

made shall be produced including " any designated documents or electronically stored information (including

writings, drawings, graphs, charts, photographs, and other data or data compilations stored in any medium from

which information can be obtained, translated, if necessary, by the respondent into reasonably usable form)*.

Possession, custody or control includes any document you or any of your agents including but not limited to attorneys, accountants, employees, bookkeepers, consultants, private investigators, or others have the legal right to control or obtain upon demand.

      c.      With respect to each request or category, please specify:

           1.      Which documents are being provided; and

           2. If any such documents are (or were at the time of service of this Request) within your custody or control, but are *not* being produced, all specific reasons you are not producing them; and

           3. If any such documents never were or are no longer within your custody or control, please specifically so state and specify where they are presently located.

      d. You must either produce the requested documents as they are kept in the usual course of business, or organize and label them to correspond with the categories in this Request.

      e. As used herein, the term *your business entities* means any form of business enterprise (including but not limited to sole proprietorships, general and limited partnerships, joint ventures and corporations, and subsidiaries thereof) in which, during the specified time, you *and/or* your spouse held at least a five percent (5) equity (ownership) interest.

      f. As used herein the term *gross income* shall mean all income from all sources, including, but not limited to, salaries, wages, commissions, royalties, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, veterans' benefits, spousal support, rental income, gifts, prizes or awards. Gross income shall be subject to deduction of reasonable business expenses for persons with income from self employment, a partnership, or a closely held business.

g. As used herein, the term *communication* means any transmission of information from one person or entity to another in any form whatsoever, whether written, oral or otherwise.

h. Where information or knowledge in the possession of a party is requested, the request includes information or knowledge of a party's partners, agents, employees, representatives, executor(s), executrix(es) and, unless privileged, the party's attorneys.

i. Where the name of a person or entity is requested, indicate the full name, business firm, business address, home address, business telephone number and, if applicable, home telephone number.

j. If any of the documents requested herein have been destroyed or transferred out of your possession, custody or control, and cannot be produced pursuant to the request set forth in the preceding paragraph, describe when such destruction or transfer occurred, the reason for the destruction or transfer, the nature of such destruction or transfer, the person who effected such destruction or transfer, and, if transferred, the person(s) or institution(s) currently holding such transferred documents.

k. This Request for Production of Documents and Things is continuing in character, requiring you to file supplemental responses if circumstances change of if you acquire new or different information during the pendency of the case, whether before, during or after trial.   L.  If you maintain that the contents of any requested document is privileged, you are to set forth a description of the documents, the number of the Request for Production to which it pertains, the name and address of the present custodian of the document and the reason why you believe it is privileged and not subject to discovery.

M.  "You" refers to the party to whom the request for production of documents is addressed or intended in this case (Specialized Loan Servicing, LLC)  including said party's  agents, employees, assigns,

and attorneys.

N. To the extent there may be overlap between any of the Requests, a requested document only needs to be produced once.

## DOCUMENTS REQUESTED

1. All documents regarding  Emanuel Maniatis

Response:


2. All internal and/or external communications including emails and text messages to and from any officer, director, supervisor, employee or agent of SLS regarding Emanuel Maniatis.

Response:


3. All documents regarding internal procedures at SLS regarding posting of payments, error detection and error correction.

Response:


4. All documents regarding internal procedures at SLS for issuing Notices of Default and Intent of Notice to Foreclose such as the Notice dated November 26, 2013, sent to the plaintiff, Emanuel Maniatis

Response:


5. All documents regarding the premature changing of the billing amounts for the plaintiff, Emanuel Maniatis, review of his account and corrections, as discussed in the July 26, 2013, letter signed by  SLS' agent,  Joann,  ID #12078, attached to the Complaint as Exhibit 5.

Response:

6.  All documents regarding incorrect posting to the plaintiff's account, as set forth in the June 15, 2012, letter signed by SLS' agent, Jana, ID #04350, and attached to the Complaint as Exhibit 4.

Response:


7.  All documents setting forth the duties and responsibilities of Customer Care Support employees and agents at SLS.

Response:


8.  All documents regarding the chain of command at SLS including the names, titles and responsibilities of such persons.

Response:


9.  The Employee Handbook, personnel procedures or similar documents, however named, used at SLS.

Response:


10.  A resume or *curriculum vitae* for each of your proposed experts.

Response:


11.  All documents described or referred to in your Answer and/or any other responsive pleadings to the Complaint in this case.

Response:

12.  All documents you obtain in response to any subpoenas you issue in this case.

Response:

13.  All other documents which you intend or anticipate using at any hearing in this case or in the trial

    in this case if you contest the plaintiff's allegations in the Complaint.

    Response:

14.  All documents including any notes, memoranda, etc., made by any employee or agent of SLS who participated

in or supervised the servicing of the account of the plaintiff, Emanuel Maniatis.

    Response:

Respectfully Submitted
EMMANUEL MANIATIS
By Counsel

LAW FIRM OF JOHN BELL
John W. Bell (VSB 17635)
Counsel for Plaintiff
Burke Ctr. Prof. Bldg.
Burke, VA 22015
Tel: 703-250-4346
Fax: 888-551-5129
Email: jwblaw1@gmail.com